SCPW-20-0000509

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

IN THE MATTER OF INDIVIDUALS IN CUSTODY
OF THE STATE OF HAWAIʻI

---

ORIGINAL PROCEEDING

AMENDED ORDER RE:
PETTY MISDEMEANOR AND MISDEMEANOR DEFENDANTS[1]
(By: Recktenwald, C.J., Nakayama, and McKenna JJ.,
and Chief Judge Ginoza, assigned by reason of vacancy, with
Wilson, J., concurring and dissenting)

On August 12, 2020, the Office of the Public Defender ("OPD") filed a petition for extraordinary writ pursuant to HRS §§ 602-4, 602-5(5), and 602-5(6) and/or a writ of mandamus ("Petition"). The Petition seeks, among other things, a reduction of the inmate populations at the State's correctional centers and facilities in an effort to mitigate the harm that the COVID-19 pandemic may inflict upon inmates, the correctional staff, and the people of Hawaiʻi. In this regard, the Petition seeks the expedited release of certain categories of inmates

---

[1] This amended order amends Paragraph 1.g., herein, to require contact information to be provided to the OPD, Prosecuting Attorney Dwight Nadamoto, and the Administrative Director of the Courts. The amended order also includes a new subsection 1.j. regarding the conditions of release.

from the State's correctional centers and facilities, without the filing and hearing of individualized motions for release.

The COVID-19 pandemic has caused a public health emergency. Since July 2020, Hawaiʻi has seen a surge of COVID-19 cases in Hawaiʻi, with record numbers of positive cases and increased hospitalizations being reported. Since the Petition was filed, there have been one hundred seventy inmates and thirty staff members that have tested positive for COVID-19 at the Oʻahu Community Correctional Center ("OCCC"), and mass testing of all inmates at OCCC continues. Given the rising number of COVID-19 cases at OCCC and the difficulties with social distancing, there is urgent and immediate concern in reducing the inmate population at OCCC to protect those who work at or are detained at OCCC, their families, and the community.

This court recognizes the impact of COVID-19 on Hawaiʻi's community correctional centers and facilities –- and the urgency by which suitable yet balanced action is required. The COVID-19 outbreak at OCCC, where appropriate physical distancing is not possible, has the potential to not only place the inmates at risk of death or serious illness, but also endanger the lives and well-being of staff and service providers who work at OCCC, their families, and members of the community at large. Because of the virulent spread of the virus within close quarters, the COVID-19 outbreak at OCCC also has the potential to tax the limited resources of Hawaiʻi's community health care providers.

This court also recognizes, however, public safety and health concerns regarding the release of inmates at OCCC into the community.

Responding to the impact of this crisis in our community correctional centers and facilities requires a careful consideration of interests, both for public health and public safety.

Upon consideration of the submissions and record in SCPW-20-0000509, the arguments presented at the August 14, 2020 hearing, and the surge in COVID-19 positive test results in our community, including at OCCC, and pursuant to this court's authority under Hawaiʻi Revised Statutes ("HRS") §§ 602-5(3) & (6) and § 706-625, Governor David Y. Ige's Emergency Proclamations, and HRS § 601-1.5,

IT IS HEREBY ORDERED as follows:

1.   With regard to pretrial detainees charged with a petty misdemeanor or a misdemeanor offense,[2] the respective court orders for detaining the individuals are temporarily suspended and, by Wednesday, August 19, 2020, the Department of Public Safety ("DPS") shall release from OCCC such pretrial detainees, except those charged with abuse of family or household members (HRS § 709-906), violation of a temporary restraining order (HRS § 586-4), violation of an order for protection (HRS § 586-11), or violation of a restraining order or injunction (HRS § 604-10.5) subject to the following conditions:

a.   The inmate has not received a positive COVID-19 test result, is not pending the result of a test that has been taken, and is not exhibiting COVID-19 symptoms.

b.   Additional inmates who later meet these criteria shall be expeditiously released as set forth herein.

c.   Before being released, the inmate shall provide to DPS current contact information, including residential address and/or telephone number, if available.

---

[2]   The category of felony defendants as identified in the Petition will be addressed by a separate order.

3

d. The inmate shall self-isolate for fourteen days and will wear a mask when within six feet of others.

e. The inmate shall immediately report the development of COVID-19 symptoms to the Department of Health ("DOH") and shall thereafter follow directives from the DOH.

f. Each pretrial detainee released under this provision is ordered to appear at Honolulu District Court, Kauikeaouli Hale, 1111 Alakea Street, Honolulu, Hawaiʻi 96813, on February 17, 2021, in Courtroom 7C at 8:30 a.m., unless otherwise ordered. Failure to comply with court orders or to appear may result in further charges, including but not limited to, criminal contempt.

g. DPS shall provide a list of all inmates released under this provision, as well as the contact information provided by those inmates, to the OPD, Prosecuting Attorney Dwight Nadamoto, and the Administrative Director of the Courts no later than the next day following the inmate's release. The list shall include the name of the inmate and the criminal case number(s) for which the inmate has held.

h. All inmates under this category who have tested positive should be retested in accordance with guidance of the Centers for Disease Control and Prevention and/or the DOH.

i. All inmates released under this provision shall maintain contact with their attorneys and appear at all future court hearings.

j. When an inmate is released, all conditions of release originally imposed, if applicable, other than in-person reporting, shall remain in full force and effect. DPS shall inform all inmates, prior to their release, of their continuing obligation to abide by conditions of deferral or probation or pretrial release to promote public safety.

4

k. Any no-contact order shall remain in force.

l. All inmates released under this provision shall comply with any federal, state, or local laws, directives, orders, rules, and regulations regarding conduct during the declared COVID-19 pandemic emergency, including "social distancing" mandates and any proclamations issued by Governor David Y. Ige or the Governor's designee during the COVID-19 emergency, as well as any mandates or proclamations issued by the Mayor of the City and County of Honolulu.

m. All inmates released under this order shall further comply with all specific directives provided to them by DOH.

2. With regard to individuals incarcerated solely due to petty misdemeanor or misdemeanor convictions, the respective court orders for incarcerating or imprisoning the individual are temporarily suspended and the provisions provided under Paragraph 1 above shall also apply except for those convicted of abuse of family or household members (HRS § 709-906), violation of a temporary restraining order (HRS § 586-4), violation of an order for protection (HRS § 586-11), violation of a restraining order or injunction (HRS § 604-10.5), or any other crime in family court.

3. This order does not preclude any party from taking any other steps as may be deemed appropriate to obtain the release of an inmate during this time of emergency or stay any pending motions seeking the release of inmates. This order also does not affect DPS's authority under the law to release inmates on its own accord.

5

4.    This court reserves its authority to order other measures based on changed circumstances.

DATED: Honolulu, Hawaiʻi, August 17, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Lisa M. Ginoza